Johnson, C. J.
We need not notice the refusal to charge as requested, for the reason that ihe charge as given is a statement of the same proposition, with an additional instruction to be noticed.
The charge as given, after stating that it was the duty of *344 the state to make out beyond reasonable doubt that the gun was loaded with powder and leaden balls, and that unless the proof showed this fact they must find the defendant not guilty, then added “ But that you may so find the gun was so loaded with powder and leaden balls it is not necessary that it should be proven by positive evidence; it will be enough to establish this point if all the circumstances of the case should satisfy you beyond a reasonable doubt that said gun was so loaded with powder and leaden balls.
“ If you find from the evidence that said Jackson Fastbinder then said he would shoot said Hiram Lamborn, and got the gun and did shoot it off at him, you have a right to take him at his own word, and to infer and find that he had the means to carry out this threat and that said gun was at the time loaded with powder and leaden balls, if you see proper.”
To the last clause of this charge objection is made.
That it is objectionable is clear to the minds of a majority of this court.
After correctly stating that it was the duty of the jury to find the gun was so loaded and that this might be done upon positive or circumstantial evidence, they are told that they might convict, if they saw proper, by inferring from the previous threat, made to shoot, that the gun was so loaded. In other words, they might be satisfied beyond a reasonable doubt that the gun was loaded with a leaden ball because Ihe plaintiff in error threatened to shoot Hiram Lamborn and immediately thereafter got the gun and shot it off at him.
We do not think this threat to shoot, followed by shooting the gun off, is sufficient, to satisfy the jury, beyond reasonable doubt, that the gun was loaded with a bullet or other deadly missile; and it seems to us that to draw such an inference from a mere threat in the heat of an augry and violent altercation, in which each was trying to overdo the other, is unwarranted. Indeed, the very violence of this altercation and the close proximity of the parties at the time of the shooting and the failure to make the threat to shoot him effective, though there was ample opportunity, if he had intended to kill him, would lead *345 to tlie equally'reasonable inference, that it was an idle threat rather than a serious one.
Be this as it may, and while this threat may be properly regarded as a circumstance tending to show an intention to take life, yet it is insufficient to satisfy the jury beyond a reasonable doubt of this material allegation.
It is not a circumstance from which the jury could necessarily infer that the gun was loaded.
The legal presumption of innocence can be overcome only by full proof as will exclude all reasonable doubt of the guilt of the accused, and where a criminal charge is to be proved by circumstantial evidence the proof ought to be not only consistent with the prisoner’s guilt, but inconsistent with any other rational conclusion.
From the circumstances developed in the evidence, it would not be irrational to infer that the threat and the shooting were intended to frighten away from his premises those who were making an attack upon him. Under such circumstances we think it the duty of the state to have shown to the satisfaction of the jury that the charge in the indictment as to the manner in which the gun was loaded must be established either by positive or circumstantial evidence, otherwise the defendant should be acquitted, 2 Bishop’s Criminal Procedure, § 652, note 2; 1 Archbald Cr. Pl. & Ev. 885, 887, note 890, and notes; Weston’s case, 1 Leach, 247.

Judgment reversed.

McIlvaiNE, J., dissented.